UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVONTE LOVE,

        Plaintiff,

    v.                                    Case No. 21-C-1428

CHRYSTAL MELI, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff DaVonte Love, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. Love also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*), along with a certified copy of his prison trust account statement for the six months prior to him filing his complaint. Dkt. Nos. 2, 6.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records indicate that Love has accumulated at least three strikes, including: *Love v. Clarke*, Case No. 11-CV-867 (E.D. Wis. Dec. 8, 2011) (dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *Love v. Homes*, Case No. 11-CV-883 (E.D. Wis. Jan. 26, 2012) (dismissed for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1)); and *Love v. Wilson*, Case No. 17-CV-1360 (E.D. Wis. Dec. 20, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A(b)(1)). Because Love has previously filed at least three actions which were dismissed for failure to state a claim, the Court will deny his motion for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782).

To start, much of Love's complaint provides a narrative of his past grievances with the medical care he has been provided, going as far back as 2018. Dkt. No. 1 at 2-3. These allegations are past harms and do not meet the imminent danger standard. However, Love does provide allegations regarding his care in 2021 (although many of them are the same grievances he alleges occurred in previous years). *Id.* at 3-5. Love states that his request to try different antidepressants, other than the one he is currently prescribed, has been denied. *Id.* at 3-4. Love wishes to try other

2

antidepressants because the one he is currently prescribed *may* cause vision issues. *Id.* It appears that Love has refused to take his prescribed antidepressant for the last year because of his concern of possible vision issues. *Id.* at 4. Love claims that without a different antidepressant he will suffer imminent danger because his depression will worsen, which may cause him to become suicidal. *Id.* Love also states that his worsening depression will cause nerve pain and swelling throughout his body. *Id.* In particular, Love is concerned about the increased inflammation in his blind eye, which requires eye drops to treat the issue. *Id.* Love states that the eye drops *may* lead to perforation. *Id.* Love believes he may become completely blind because he has only been offered an antidepressant that *may* cause vision issues and he is diabetic. *Id.* Additionally, Love states that his arm and hand muscles are wasting away, and it will soon be irreversible because he does not have arm braces. *Id.*

Regarding his diabetes, Love states that his medication was stopped for no reason but then corrected and he is receiving the proper medication now. *Id.* at 5. However, Love states that although the issue is corrected now, he doesn't know if it will be in the future. *Id.* Additionally, Love states that he is not being provided cleaning supplies to clean up when he checks his blood levels. *Id.* It appears that Love is not checking his blood levels, to help monitor his diabetes, because he has been refused cleaning supplies. *Id.* Love states that not checking his blood levels could lead to losing a foot or other diabetic complications. *Id.* Further, Love states that without being provided a diabetic foot tub he may have foot complications. *Id.* Lastly, in support of his complaint, Love attached 12 pages of exhibits. Dkt. No. 1-1.

While the Court understands that Love is unhappy with his medical treatment, his allegations do not give rise to an inference that he is in "imminent" danger of serious physical injury. First, Love has decided not to take his antidepressant or check his blood levels because his

3

Case 1:21-cv-01428-WCG   Filed 01/18/22   Page 3 of 5   Document 7

requests regarding both have not been met. This is a choice that Love has made and is not the result of Defendants putting him in imminent danger. Additionally, the exhibits show that Love has been receiving medical care for his diabetes and eye concerns, and has been given arm braces/sleeves to help combat his carpal tunnel. Dkt. No. 1-1. Love's allegations only involve complications that *may* happen but have not actually occurred. Therefore, neither Love's disagreement with the treatment he is receiving nor his preference for a particular treatment is sufficient for the Court to infer that a "genuine emergency" exists. *See, e.g.*, *Lockett v. Bonson*, 937 F.3d 1016, 1023-24 (7th Cir. 2019). Accordingly, the Court will deny Love's motion for leave to proceed without prepayment of the filing fee.

The fact that this Court is denying Love's request to proceed without prepayment of the filing fee means that the full filing fee of $402.00 (the sum of the $350.00 filing fee and the $52.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) is due within 30 days of this order. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b).

If Love pays the full filing fee within 30 days, the Court will screen his complaint under 28 U.S.C. §1915A. Failure to pay in full within the time limits will result in dismissal of this case. *Newlin*, 123 F.3d at 434.

**IT IS THEREFORE ORDERED** that Love's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Love shall forward to the clerk of this court the sum of $402.00 as the full filing fee in this case within 30 days of the date of this order. The payment

shall be clearly identified by the case name and number assigned to this action. Love's failure to comply with this order will result in dismissal of this case.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where Love is confined.

Dated at Green Bay, Wisconsin this 18th day of January, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
