UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

    Plaintiff,

v.                                          Case No. 21-C-1428

LORIJEAN WACHHOLZ, et al.,

    Defendants.

## ORDER DISMISSING THE CASE

Plaintiff Da Vonte Love, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at Green Bay Correctional Institution. Dkt. No. 1. On January 18, 2022, the Court denied Plaintiff's motion for leave to proceed without prepayment of the filing fee because he had incurred "three strikes" under 28 U.S.C. §1915(g), and the factual allegations in his original complaint (inadequate medical care in the past) were not sufficient to implicate the "imminent danger" exception to the three strikes rule. Dkt. No. 7 at 1-3. The Court ordered Plaintiff to pay the $402.00 civil case filing fee in full, within 30 days of the date of the order, if he wanted to proceed with the case. *Id*. at 4-5. The Court warned Plaintiff that failure to comply with the order would result in dismissal of this case. *Id*. at 5. The deadline to pay has passed and Plaintiff still has not submitted payment. Instead, Plaintiff has filed a three-page amended complaint attempting to allege imminent danger and asking the Court to reconsider its prior imminent danger analysis. Dkt. No. 8. Plaintiff has also filed two motions for a preliminary injunction, reiterating his arguments about why he is in imminent danger. Dkt. Nos. 3 & 9.

Plaintiff's amended complaint lists four defendants: Lori Wachholz, LaVoie, Ms. Utter, and Mr. Rojas. Dkt. No. 8. The amended complaint reiterates the facts and allegations from his original complaint but limits the events to those that occurred in 2021 and 2022. *Compare* Dkt. No. 1 *with* Dkt. No. 8. Plaintiff alleges that in 2021 Wachholz denied him certain pain medication because he "won't provide blood drawing." Dkt. No. 8, ¶¶1-2. Plaintiff alleges that in 2021 and 2022 LaVoie and Utter required him to provide blood drawing rather than allowing him to get tested through a urine sample. *Id.*, ¶3. And Plaintiff alleges that in 2022 Rojas denied his request for "brain stimulation therapy" because Plaintiff was first required to try other antidepressants. *Id.*, ¶4. According to Plaintiff, he is "allergic" to all other antidepressants because they allegedly all cause eye problems and brain stimulation therapy is the only viable treatment. *Id.* Plaintiff asks the Court to "reconsider" it's prior imminent danger analysis in light of the fact that his medical problems have made him suicidal.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), Plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Courts do not accept claims of imminent danger that are "conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782). Further, to prevail on a request for reconsideration, Plaintiff must establish a manifest error of law or fact. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). This means that the Court must have disregarded, misapplied, or failed to recognize controlling precedent. *Id.* Disagreement or disappointment with the Court's decision is not enough. *Id.*

2

Plaintiff's allegations still do not give rise to an inference that he is in "imminent" danger of serious physical injury. First, as mentioned in the prior order, Plaintiff made a *choice* to not take his antidepressants or check his blood levels. Any risk of serious physical injury he believes he is currently facing is caused by his own decision to refuse cooperation with medical professionals; it is not caused by any decision the defendants made. Second, Plaintiff's allegations amount to nothing more than disagreement with the treatment he is receiving and a preference for different treatment and/or different testing. For example, his assertion that brain stimulation therapy is the only viable treatment for him because he is allegedly allergic to all other antidepressants boarders on "ridiculous" given the variety of antidepressants available for depression. Finding the right antidepressant may be a game of trial and error, but Plaintiff's allegations show that he has been continuously treated by mental health professionals and he simply disagrees with their recommendation to try different medications and exhaust conservative treatments before ordering more invasive treatments. Similarly, Plaintiff appears to prefer a urine test rather than a blood-drawing test. But, again, a preference for a different testing method does not constitute a "genuine emergency."

To the extent Plaintiff has had genuine eye problems from certain antidepressant medications, the exhibits show that Plaintiff has been receiving medical care for his eyes. Dkt. No. 1-1. Likewise, to the extent Plaintiff is currently suicidal, he acknowledges that he has been put on "suicide watch." *See* Dkt. No. 8 at 2. These circumstances show that the defendants are taking his health concerns seriously and are taking steps to treat him. Nothing alleged in the amended complaint or his motions for a preliminary injunction gives the Court reason to reconsider its prior imminent danger analysis. Accordingly, the Court will deny the request for

reconsideration, deny the motions for a preliminary injunction, and will dismiss this case without prejudice based on Plaintiff's failure to pay the civil case filing fee in full.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for a preliminary injunction (Dkt. Nos. 3 & 9) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for reconsideration (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** based on Plaintiff's failure to pay the civil case filing fee in full. The Clerk's office is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff must pay the $350 statutory filing fee. Accordingly, the agency having custody of Plaintiff shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

Dated at Green Bay, Wisconsin this 24th day of March, 2022.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge