UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

        Plaintiff,

    v.                                  Case No. 21-C-1428

LORIJEAN WACHHOLZ, et al.,

        Defendants.

# SCREENING ORDER

    Plaintiff Da Vonte Love is representing himself in this 42 U.S.C. §1983 action. On October 12, 2022, the Court of Appeals for the Seventh Circuit remanded this case following this Court's Rule 62.1 indicative ruling that it was inclined to vacate the prior order denying Plaintiff's motion for leave to proceed without prepayment of the filing fee and allow Plaintiff to proceed *in forma pauperis*, if the Court of Appeals remanded for that purpose. *See* Dkt. Nos. 28-29. In light of the remand, the Court will vacate the dismissal order, the judgment, and the prior order denying Plaintiff's motion for leave to proceed without prepayment of the filing fee. Plaintiff may proceed with the lawsuit *in forma pauperis* and the Court will screen the amended complaint below.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the

Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff is an inmate at the Green Bay Correctional Institution. Dkt. No 8. Defendants are Lori Wachholz, Dr. Daniel LaVoie, HSU Supervisor Ms. Utter, and "psych doctor" Mr. Rojas. *Id.* at 1.

Plaintiff has nerve damage in his arms. *Id*. He also has severe depression due to the pain caused by his nerve damage. *Id*. at 2. And he also has a "disfigured blind eye." *Id*.

In 2021, Wachholz denied Plaintiff a certain class of nerve pain medication because Plaintiff refused to provide blood drawing. *Id*. at 1. Plaintiff states that needle injections complicate his nerve damage symptoms, so he offered to provide a urine sample instead. *Id*. Wachholz nevertheless denied the request. *Id*. Utter and LaVoie "upheld" Wachholz's denial even though Plaintiff presented them with medical proof that urine testing was an acceptable form of testing. *Id*.

In 2022, Rojas denied Plaintiff's request for "brain stimulation therapy" in connection with his depression because Plaintiff was first required to try other antidepressants. *Id*. at 2. Plaintiff states that he has tried other antidepressants since 2018 and they don't work—it has only caused additional vision problems. *Id*. According to Plaintiff, he is "allergic" to all antidepressants and brain stimulation therapy is the only viable treatment. *Id*. Plaintiff has experienced a lot of visual disturbances since being treated by the DOC with antidepressants. *Id*. Plaintiff says his depression and nerve pain affect each other, making treatment more complicated. *Id*. He says his depression also causes inflammation in his eye. *Id*. Plaintiff states he is still having issues "at this moment now" and his medical conditions are not being treated properly. *Id*. For relief, he seeks monetary damages. *Id*. at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

Case 1:21-cv-01428-WCG   Filed 10/28/22   Page 3 of 7   Document 30

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asks to proceed on an Eighth Amendment deliberate indifference claim against all Defendants. Dkt. No. 8 at 3. "[T]he Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim, Plaintiff must allege: (1) that he suffered from an objectively serious medical condition; and (2) that the defendants were subjectively deliberately indifferent to that condition. *Id*. at 727–28. Plaintiff must allege that the medical Defendants' choices "were so significant a departure from accepted professional standards or practices that it is questionable whether they actually exercised professional judgment." *Stallings v. Liping Zhang*, 607 F. Appx. 591, 593 (7th Cir. 2015).

Plaintiff states that he has nerve damage, which causes severe pain and suicidal thoughts. He also states that has a blind eye and vision problems. These are objectively serious medical conditions. *See Melville v. Greer,* No. 13-CV-972, 2015 WL 3650399, at *7 (E.D. Wis. June 10, 2015) (concluding that chronic nerve pain is an objectively serious medical condition); *see also Love v. Nyklewicz*, 641 F. App'x 558, 559 (7th Cir. 2016) (an inmate with a blind right eye had an objectively serious medical condition).

Further, Plaintiff alleges that Defendants were deliberately indifferent towards his medical conditions. Plaintiff states that Wachholz, Utter, and LaVoie denied him effective nerve pain medication because he is unable to sit for a blood drawing required to get that medication. He states that he is unable to sit for blood drawing due to his medical condition, and urine testing is an adequate alternative means of testing that does not further intensify his nerve damage, yet they

4

have refused to allow him to use this option for no apparent reason. He states that Rojas has continued prescribing antidepressants that don't work since 2018 and has refused brain stimulation therapy. He states this depression has gotten worse, and his other medical conditions are on-going. These allegations are sufficient, at least at this early stage of the litigation, to support an inference that Defendants were deliberately indifferent, and did not use medical judgment, in connection with denying effective treatment for his nerve damage, depression, and eye problems at the Green Bay Correctional Institution in 2021 and 2022. The case may therefore proceed.

## CONCLUSION

The Court finds that Plaintiff may proceed on an Eighth Amendment claim that Wachholz, LaVoie, Utter, and Rojas were deliberately indifferent towards his serious medical needs in connection with denying effective treatment for his nerve damage, depression, and eye problems at the Green Bay Correctional Institution in 2021 and 2022.

**IT IS THEREFORE ORDERED** that the dismissal order and judgment (Dkt Nos. 10 & 11) are **VACATED**; the Court's January 18, 2022 order (Dkt. No. 7) is **VACATED**; and the motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Wachholz, LaVoie, Utter, and Rojas.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Wachholz, LaVoie, Utter, and Rojas shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 28th day of October, 2022.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court