UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DA VONTE LOVE,

          Plaintiff,

    v.                                                                  Case No. 21-C-1428

LORIJEAN WACHHOLZ, et al.,

          Defendants.

---

## DECISION AND ORDER

---

Plaintiff Da Vonte Love, who is representing himself, is proceeding on an Eighth Amendment claim that Defendants Lorijean Wachholz, Daniel LaVoie, Hannah Utter, and Alexis Rojas were deliberately indifferent towards his nerve damage, depression, and eye problems at the Green Bay Correctional Institution in 2021 and 2022. *See* Dkt. Nos. 8 & 30. On January 18, 2023, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to bringing this lawsuit in December 2021. Dkt. No. 38. Specifically, Defendants asserted that Plaintiff never filed any inmate complaints about his nerve damage and eye problems, and he filed but did not appeal his inmate complaint about depression. Dkt. Nos. 39-40, & 49; *see also* Dkt. Nos. 41-1, 41-2, & 41-4. They asserted that the only inmate complaint Plaintiff did file and properly appeal involved his blood sugar medication, *see* Dkt. No. 41-3, but that is not a claim in this case, *see* Dkt. No. 30 at 5.

On January 19, 2023, the Court entered an order notifying Plaintiff that, under Civil Local Rule 56(b)(2), his response materials were due on February 17, 2023. Dkt. No. 43. The Court warned Plaintiff that, under Civil Local Rule 7(d), failure to respond to the motion or to ask for

additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. *Id*. The deadline to respond passed and Plaintiff did not submit response materials. Instead, he filed two motions to amend the complaint, a "motion to allow Plaintiff to exhaust unexhausted ICEs," and a motion to continue the case. Dkt. Nos. 46-48, & 50.

In his first motion to amend the complaint, Plaintiff asks to go back to his original complaint and proceed against Dr. Gary Maier rather than proceed on the current operative amended complaint against Wachholz, LaVoie, Utter, and Rojas. Dkt. No. 46. In his second motion to amend the complaint, Plaintiff asks to proceed against five new defendants in connection with issues regarding his blood sugar: Robert Weinman, Gary Maier, Jeffrey Anders, RN Schwach, RN Dykstra, and CO Rhode. Dkt. No. 50 at 2-3. In his "motion to allow Plaintiff to exhaust unexhausted ICEs," Plaintiff explains, "there is a lot of unexhausted ICE's, at least three in all." Dkt. No. 47. He says it could take 2-3 months for full exhaustion and asks the Court to stay the case while he completes the exhaustion process. *Id*. And in his motion for continuance, Plaintiff states that the case should continue, even if the Court denies his other motions, because of the severity of the medical conditions he is experiencing. Dkt. No. 48, ¶2. Plaintiff also attaches documents attempting to show that he did try to exhaust administrative remedies in 2022 and 2023, *after* filing this lawsuit in 2021. *See* Dkt. No. 48-1 at 5, *see also* Dkt. No. 50-1 at 7-11.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."

*Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). Exhaustion is mandatory and district courts have no judicial discretion to excuse an inmate's failure to exhaust available administrative remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016).

The Seventh Circuit has long held that an inmate must complete the exhaustion process *before* filing a lawsuit in federal court. *See Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004); *see also Chambers*, 956 F.3d at 984 ("[T]he PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable."). This means the Court cannot stay this case while Plaintiff attempts to complete the grievance procedure for his unexhausted ICEs, and it cannot consider any of the ICEs filed in 2022 and 2023 for a lawsuit filed in 2021. The Court will therefore deny his "motion to allow Plaintiff to exhaust unexhausted ICEs." Further, the Court has no judicial discretion to make a merits-based exception to exhaustion, *see Ross*, 136 S. Ct. at 1856-57, so the Court will also deny his motion to continue the case based on the alleged severity of his conditions. The Court does have some discretion to allow amendment of the complaint, *see* Fed. R. Civ. P. 15(a)(1), but the Court will not allow him to do so at this time given the posture of the case. Plaintiff is essentially asking to start an entirely new lawsuit against new defendants, who have not been served with a complaint. The proper way to initiate such a lawsuit is to file a new case, for which Plaintiff must pay a separate filing fee. It is far too late in this case to amend the complaint for a second time. Thus, the Court will deny the motions to amend the complaint.

Finally, the Court has reviewed Defendants' motion for summary judgment, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and it concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, Plaintiff did not file any inmate complaints about his nerve damage and eye problems, and he filed but did not appeal his inmate complaint about depression. Dkt. Nos. 39-40, & 49; *see also* Dkt. Nos. 41-1, 41-2, & 41-4. To satisfy the exhaustion requirement, Plaintiff was required to take each of the steps prescribed by the state's administrative rules governing prison grievances. *See Chambers*, 956 F.3d at 983. In Wisconsin, that required Plaintiff to file an inmate complaint with the Institution Complaint Examiner within 14 days of the event giving rise to the complaint, and to then appeal to the Corrections Complaint Examiner within 14 days of receiving a decision. *See* Wis. Admin. Code Ch. DOC 310. Plaintiff failed to do this on his claims involving his nerve damage, depression, and eye problems, so Defendants are entitled to summary judgment. The Court will dismiss this case without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 38) is **GRANTED**. This case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's motion, and second motion, to amend the complaint (Dkt. Nos. 46 & 50); "motion to allow Plaintiff to exhaust unexhausted ICE's" (Dkt. No. 47); and motion for continuance (Dkt. No. 48) are **DENIED**.

Dated at Green Bay, Wisconsin this 16th day of March, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

5

Case 1:21-cv-01428-WCG   Filed 03/16/23   Page 5 of 5   Document 51